UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BERNADETTE GUINN,<br><br>        Plaintiff,<br><br>    v.<br><br>AMF HOLDINGS, LLC<br><br>        Defendant. | Case No. 2:15-cv-01887-RFB-VCF<br><br>**ORDER**<br><br>Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction, ECF Nos. 14 and 15<br><br>Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 31, 32<br><br>Plaintiff's Emergency Motion for Stay of Eviction Order, ECF No. 34<br><br>Plaintiff's Application for Stay of Order Evicting Plaintiff, ECF No. 36 |

**I.      INTRODUCTION**

This case is before the Court on multiple motions by the Plaintiff and Defendant. In this Order the Court considers the following motions: Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 14 and 15); Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 31, 32); Plaintiff's Emergency Motion for Stay of Eviction Order (ECF Nos. 34); and Plaintiff's Application for Stay of Order Evicting Plaintiff (ECF No. 36). For the reasons stated below, the Court DENIES Plaintiff's Motions.

**II.     BACKGROUND**

    **A. Factual Background**

1    Plaintiff alleges the following in her latest Amended Complaint. ECF No. 13.

2    The Defendant AMF Holdings, LLC is a Utah company. Am. Compl. at 1. In May 2014, Plaintiff made contact with a loan officer who informed her he could "easily get [Plainitff] approved for a business loan." Id. Plaintiff received conflicting information regarding what was required from her in order to obtain approval on the loan. Id. at 1-2. On May 7, 2014, Plaintiff was notified to make an appointment to sign for the loan. Id. at 2. At this appointment Plaintiff was rushed through the signing process and would be provided copies of the loan via email and disc. Id. Plaintiff received a folder that she believed contained this disc but later discovered it did not. Id. Plaintiff was told she had the option to repay the loan within a year but was not aware that she was required to do so, and maintains that she is a victim of fraud. Id.

Plaintiff alleges violations of the Truth in Lending Act (TILA) "because the defendant failed to disclose the percentage of the loan amount and the credit terms to enable plaintiff to compare market rates and prevent unfair, predatory credit practices." Id. at 1.

Plaintiff requests the following relief: 1) that the Court find that foreclosure is invalid; 2) the ownership of the home be restored in Plaintiff's name; 3) the loan be rectified to a "normal loan;" and 4) compensation for damages for deceit and emotional stress and financial hardship. Id. at 1, 3.

**B. Procedural Background**

Plaintiff filed an application for Leave to Proceed *in forma pauperis* on October 1, 2015. ECF No. 1. On October 5, 2015, Magistrate Judge Ferenbach issued a Report and Recommendation granting Plaintiff leave to Proceed *in forma pauperis* and dismissing her Complaint with leave to amend. ECF No. 2.

On October 13, 2015, Plaintiff filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. ECF Nos. 4 and 5. Also on October 13, 2015, Plaintiff filed an amended Complaint and a notice of lis pendens. ECF No. 6. The Court held a hearing on October 23, 2015 in which it denied Plaintiff's motions and granted leave for Plaintiff to file an Amended Complaint. ECF No. 23.

Plaintiff filed an Amended Complaint on October 26, 2015. ECF No. 13. The same day,

1  Plaintiff filed an Amended Motion for a Temporary Restraining Order and Preliminary Injunction.
2  ECF Nos. 14 and 15.
3  　　　On October 28, 2015, Defendant filed a Motion to Dismiss and Motion to Expunge Lis
4  Pendens. ECF Nos. 19 and 20.
5  　　　On December 17, 2015, Plaintiff filed an Emergency Motion for Temporary Restraining
6  Order and Preliminary Injunction and Motion to Strike Defendant's Motion to Dismiss. ECF No.
7  31-33. On December 21, 2015, Plaintiff filed an Emergency Motion for Stay of Eviction Order
8  and Judicial Enforcement of TILA Rescission Notice. ECF Nos. 34, 35. On December 29, 2015,
9  Plaintiff filed an Ex Parte Application for Stay of Order Evicting Plaintiff. ECF No. 36.
10
11  　　**III.　LEGAL STANDARD**
12  　　　**A. Preliminary Injunction**
13  　　　A preliminary injunction is "an extraordinary remedy that may only be awarded upon a
14  clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc.,
15  555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements:
16  "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm
17  in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the
18  public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d
19  1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. at 20).
20  　　　The Ninth Circuit has also held that a preliminary injunction may issue under the "serious
21  questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011).
22  According to this test, a plaintiff can obtain a preliminary injunction by showing "that serious
23  questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's
24  favor." Id. at 1134-35 (citation omitted).
25  　　　**B. Temporary Restraining Order**
26  　　　A temporary restraining order (TRO) may be issued without notice to the adverse party
27  only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate
28  and irreparable injury, loss, or damage will result to the movant before the adverse party can be

heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why notice should not be required. Fed. R. Civ. P. 65(b)(1).

TROs issued without notice "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974) (citation omitted).

### C. Truth in Lending Act (TILA)

The Truth in Lending Act (TILA) requires creditors to disclose certain information about the terms of a particular loan to the prospective borrower. See, e.g., 15 U.S.C. §§ 1631-32, 1638; 12 C.F.R. § 226.17. Both "Regulation Z" (12 C.F.R. § 226.17) and its Official Staff Commentary are binding on lenders. See 15 U.S.C. § 1604; Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 559-60 (1980).

Coverage under TILA "applies to each individual or business that offers or extends credit when four conditions are met: (i) The credit is offered or extended to consumers; (ii) The offering or extension of credit is done regularly; (iii) The credit is subject to a finance charge or is payable by a written agreement in more than four installments; and (iv) **The credit is primarily for personal, family, or household purposes**." 12 C.F.R. § 226.1(c)(1) (emphasis added).

Regulation Z provides general requirements for disclosures. It requires, for example, that the disclosures be made "clearly and conspicuously in writing, in a form that the customer may keep." 12 C.F.R. § 226.17(a)(1). Further, all disclosures must reflect the "legal obligation" of the parties. 12 C.F.R. § 226.17(c)(1).

In the Ninth Circuit, "TILA has been liberally construed." Jackson v. Grant, 890 F.2d 118, 120 (9th Cir.1989). To ensure consumer protection, TILA and its enacting regulations must "be absolutely complied with and strictly enforced," such that even minor violations impose liability on the lender. Semar v. Platte Valley Federal Sav. & Loan Ass'n, 791 F.2d 699, 704 (9th Cir.1986) (internal citations omitted).

### IV. DISCUSSION

1    The Court denies Plaintiff's duplicative Motions for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 14, 15, 31, 32, 34, 35, 36) because the Court finds that Plaintiff has failed to demonstrate a strong likelihood of success on the merits necessary to grant the injunctive relief she requests.

As an initial matter, the Court only reads Plaintiff's Amended Complaint to allege a TILA violation. Coverage under TILA requires that "(iv) The credit is primarily for personal, family, or household purposes." 12 C.F.R. § 226.1(c)(1). The Ninth Circuit has held that, "[w]hen classifying a loan, courts typically 'examine the transaction as a whole,' paying particular attention to 'the purpose for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature.'" Bloom v. I.C. Sys., Inc., 972 F.2d 1067, 1068 (9th Cir. 1992). In that case, the Court found that "Bloom borrowed the money to invest in a software company. This was a business loan." Id. at 1069.

Here, Plaintiff clearly alleges in her Amended Complaint that the purpose of her loan was a business loan. See ECF No. 13 at 1 ("In March 2015, I made contact with one of the loan officers who surprisingly informed me that he could easily get me approved for a business loan"). The Court therefore finds that Plaintiff has failed to demonstrate likelihood of success on the merits.

Even if Plaintiff's loan could be construed as a personal loan such that she could assert a TILA claim, the Court finds that the type of relief TILA affords would not justify the injunctive relief she requests. Rather, "TILA provides two remedies for loan disclosure violations— rescission and civil damages, each governed by separate statutory procedures." Merritt v. Countrywide Fin. Corp., 759 F.3d 1023, 1029 (9th Cir. 2014). The Court does not read Plaintiff's Complaint to seek rescission, but even if Plaintiff sought this remedy, TILA clearly states that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). See also 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first."). At the hearing on October 23, 2015, Plaintiff represented to the Court that her house had been foreclosed upon. See also Mot.

- 5 -

Dismiss, ECF No. 19, Exs. F, G, H, I. While there appears to be a split among district courts in the Ninth Circuit as to whether or not a foreclosure sale would prevent rescission, this Court need not reach that decision, given that it finds that Plaintiff has failed to demonstrate likelihood of success on the merits as to her Motions for injunctive relief.

V.   CONCLUSION

**IT IS ORDERED** that Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 14 and 15) are DENIED.

**IT IS FURTHER ORDERED** Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 31, 32) are DENIED.

**IT IS FURTHER ORDERED** Plaintiff's Emergency Motion for Stay of Eviction Order (ECF No. 34) is DENIED.

**IT IS FURTHER ORDERED** Plaintiff's Application for Stay of Order Evicting Plaintiff, (ECF No. 36) is DENIED.

DATED February 5, 2016.

**RICHARD F. BOULWARE, II**
**United States District Judge**